## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Case No. 3:15-cr-00074 |
| ) | Judge Trauger |
| **ANGELA SUDDARTH** ) | |

**DEFENDANT SUDDARTH'S MOTION *IN LIMINE* NO. 1
AND INCORPORATED MEMORANDUM OF LAW**
(*Exclusion of Any Government Computer Forensics Expert Purporting to Offer Testimony and Evidence Regarding E-mail Tampering or E-mail Fraud for Failure to Comply with Fed.R.Crim.P. 16(a)(1)(F) & (G) and MDTN Local Rule 16.01(a)(2).*)

**COMES NOW** the Defendant, **Angela Suddarth**, by and through her undersigned counsel, and hereby moves this Honorable Court to instruct the government and any of the government's witnesses in this cause, not to allude to, refer to, or in any way bring before the jury selected to hear this cause, any of the matters stated below. To allow such evidence or testimony would be unfairly prejudicial to her rights and a violation of the Constitution and laws of the United States.

Furthermore, Defendant Suddarth requests that the Court instruct the government not to allude or refer to such matters without first approaching the bench and making known to the Court and the Defendant, outside the presence of the jury, that it intends to offer such evidence, thus permitting the jury to be retired and the evidence and objections heard, and allowing the Court to rule on the admissibility of such evidence before prejudicial error occurs.

Finally, Defendant Suddarth requests that the Court rule on the admissibility of the evidence before trial.

### Background

The speaking allegations of Counts 14 & 15 of the Indictment (False Statements to the U.S. Department of Labor, 18 U.S.C. § 1001) allege that Ms. Suddarth created a "fabricated email

chain" which was presented to the Department of Labor in support of a Complaint filed by Mr. & Mrs. Suddarth pursuant to the provisions of the Corporate and Criminal Fraud Accountability Act, Title VIII of the Sarbanes-Oxley Act.  (Docket Entry 1, Page ID# 9-11).   As of the date of this filing, the government has not disclosed any computer forensics expert to the defense who would offer testimony and evidence regarding e-mail tampering or e-mail fraud.[1]  Any such disclosure now would clearly be untimely under Fed.R.Crim.P. 16(a)(1)(F) & (G) and Rule 16.01(a)(2) of the Local Rules for the Middle District of Tennessee.

## Discussion

Fed.R.Crim.P. 16(a)(1)(F) provides, in full, as follows:

> Upon a defendant's request[2], the government must permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:
>
> (i) the item is within the government's possession, custody, or control;
>
> (ii) the attorney for the government knows – or through due diligence could know – that the item exists; and
>
> (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

Fed.R.Crim.P. 16(a)(1)(G) provides, in part, as follows:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.

Defendant respectfully submits that it would impossible for any lay witness the government

---

[1] Undersigned counsel has consulted with Ms. Suddarth's former attorneys, Sheppard, White, Kachergus & DeMaggio, P.A., who have advised that they too never received any such expert witness notice.  The prosecutors now assigned to Ms. Suddarth's case replaced the prosecutor who indicted the case.

[2] The standing discovery order in Local Rule 16.01(a)(2) makes these disclosures mandatory without reference to a prior request.

2

might produce to forensically demonstrate that the challenged email chain was indeed "fabricated." Such an analysis and conclusion could only be generated and interpreted by someone with technical training. There would be no way to offer such an opinion to the jury without resorting to "scientific, technical, or other specialized knowledge within the scope of Rule 702." On this point, the following quote is instructional:

> There is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.

Ladd, *Expert Testimony,* 5 Vand. L. Rev. 414, 418 (1952). Testimony regarding the "fabricated email chain" is "precisely the type of 'specialized knowledge' governed by Rule 702." *See United States v. Figueroa-Lopez,* 125 F.3d 1241, 1246 (9th Cir. 1997) (holding, in the context of a narcotics case, that the government could not offer agents as lay witnesses and then elicit opinion testimony from them concerning the practices of drug traffickers in the United States).

The government should not be permitted to potentially end-run the requirements of Rule 16 and Local Rule 16.01(a)(2) simply by advancing a "fact" or "lay" witness regarding the disputed "fabricated email chain." The reasoning of the *Figueroa-Lopez* court, though generated in a factually different context, applies with equal force here:

> A holding to the contrary would encourage the Government to offer all kinds of specialized opinions without pausing first properly to establish the required qualifications of their witnesses. The mere percipience of a witness to the facts on which he wishes to tender an opinion does not trump Rule 702. Otherwise, a layperson witnessing the removal of a bullet from a heart during an autopsy could opine as to the cause of the decedent's death.

135 F.3d at 1246.

To permit the government to potentially present an expert witness without prior notice and

the production of a proper summary as contemplated by the Rules of Evidence and Criminal Procedure would be unfairly prejudicial to Defendant Suddarth significantly impairing her right to effectively confront and cross-examine the proffered "expert" and properly evaluate whether a countervailing expert is needed by the defense to meet the challenge of the government's expert.

## CONCLUSION

**WHEREFORE,** based on the foregoing, Defendant Suddarth respectfully requests that the Court preclude the government from offering expert testimony or evidence due to its failure to comply with Fed.R.Crim. P. 16(a)(1)(F) & (G) and Local Rule 16.01(a)(2)

Respectfully submitted,

**TUNE, ENTREKIN & WHITE, P.C.**
UBS Tower, Suite 1700
315 Deaderick Street
Nashville, Tennessee  37238
(615) 244-2770

BY:  s/ Peter J. Strianse
     PETER J. STRIANSE
     Attorney for Defendant Suddarth

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent via the Court's electronic filing system, if registered, or, if unregistered in the Court's system, it has been sent via facsimile and deposited in the United States Mail, postage prepaid, to:

Byron M. Jones
John Webb
Assistant United States Attorneys
110 Ninth Avenue South
Suite A-961
Nashville, TN  37203-3870

This 1st day of November, 2017.

S:/ Peter J. Strianse
PETER J. STRIANSE

4