UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Case No. 3:15-cr-00074 |
| ) | Judge Aleta A. Trauger |
| ANGELA SUDDARTH ) | |

## MEMORANDUM & ORDER

Angela Suddarth has filed a Motion *in Limine* No. 1 asking the court to (1) instruct the government and its witnesses not to allude or refer to allegations that Suddarth fabricated an e-mail chain mentioned in her Indictment; (2) require the government to approach the bench before mentioning or alluding to the aforementioned alleged fabrication of the e-mail chain; and (3) exclude any expert or lay evidence regarding the alleged fabrication on the ground that the government has not timely disclosed the basis for any expert opinion regarding that fabrication. (Docket No. 64 at 1.) For the reasons expressed herein, the Motion is **GRANTED** in part and **DENIED** in part. Because the government affirmatively indicated in discovery that it did not intend to rely on any "results [or] reports of tests or exams," (Docket No. 66-1) and did not seek to correct this disclosure, the government will be instructed not to rely on any specific electronic forensic analysis of Suddarth's allegedly falsified e-mails. The government will not be forbidden from presenting evidence relevant to the allegations of falsification in the form of either (1) fact testimony or (2) general expert testimony that is not premised on a specific test or examination of the allegedly fabricated e-mail chain.

## NATURE OF MOTION

Counts 14 and 15 of the Indictment allege that Suddarth created a "fabricated email chain" that was presented to the Department of Labor in support of a complaint that Suddarth

had filed with the Department. (Docket No. 1, at 9-11). Suddarth argues that establishing any such fabrication would require the testimony of an expert but that the government has failed to timely disclose one. The government responds that it has complied with the necessary disclosure obligations for it to present expert testimony and that it also anticipates presenting lay testimony establishing Suddarth's fabrication of the e-mails.

## **ANALYSIS**

Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure provides:

Upon a defendant's request, the government must permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:

    (i)    the item is within the government's possession, custody, or control;

    (ii)    the attorney for the government knows—or through due diligence could know—that the item exists; and

    (iii)    the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

*Id.* Although the Rule itself imposes an obligation on the government only "[u]pon a defendant's request," this court's standing discovery rule, under L. Cr. R. 16.01(a)(2), automatically imposes a similar obligation on the government (on or before fourteen days from the date of the arraignment of the defendant in a criminal case), without the requirement of a defense request.

Rule 16(a)(1)(G) provides further disclosure obligations with regard to anticipated technical and scientific evidence, providing that, "[a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." *See United States v. Johnson*, No. 05-CR-80337, 2008 WL 2095344, at *3 (E.D. Mich. May 16, 2008) (recognizing Rule 16(a)(1)(F) and 16(a)(1)(G) as imposing separate obligations).

Unlike the disclosure obligation under Rule 16(a)(1)(F), Rule 16(a)(1)(G) is not mirrored by a mandatory obligation in the court's standing discovery rule. *See* L. Cr. R. 16.01(a)(2). Accordingly, the government is not obligated to provide a Rule 16(a)(1)(G) summary except upon the request of the defendant.

The government seemingly concedes that it has not provided a Rule 16(a)(1)(G) disclosure related to testimony regarding the alleged falsification of the email chain but maintains that it did not do so because Suddarth never requested such a disclosure, and the government had no obligation to provide one in the absence of a request. The plain text of Rule 16(a)(1)(G) and L. Crim. R. 16.01(a)(2) confirms the government's reading, and Suddarth's own motion does not appear to be premised on an alleged prior request for such a disclosure. Accordingly, the court will not exclude possible expert testimony for failure to conform to Rule 16(a)(1)(G).

Insofar as the government was in possession, custody, or control of any "results or reports" meeting the requirements of Rule 16(a)(1)(F), however, Suddarth is correct that the government was under an obligation to provide those results or reports pursuant to the court's standing discovery rule. The government has identified one expert whom it "may call upon" regarding the alleged fabrication—Dan Roffman, who also testified in a related 2013 civil case against Suddarth in the Northern District of Illinois. (Docket No. 65, at 2.) The government maintains, however, that it fulfilled any obligation it had under Rule 16(a)(1)(F) by providing a transcript of Roffman's testimony to Suddarth as part of discovery on either July 10 or 11, 2015.[1]

---

[1] The government's briefing is somewhat unclear on this point. Suddarth's arraignment was on June 26, 2015. (Docket No. 12.) Initial discovery from the government was therefore due fourteen days later, on July 10, 2015. L. Cr. R. 16.01(a)(2). The government's briefing on this motion first refers to the Roffman transcript having been "made available to the defendant in discovery on July 11, 2015," a Saturday. (Docket No. 65, at 1.) Shortly thereafter, however, the government writes that "[t]he full nature of Mr. Roffman's expert testimony on these points has been available to the defendant . . . since discovery was

Suddarth, however, has produced a discovery letter from the government to her counsel, dated July 10, 2015, specifically indicating that the government was not producing any materials as Rule 16(a)(1)(F) disclosures. (Docket No. 66-1.) Suddarth, therefore, was given no notice that the government intended to rely on the results of Roffman's analysis, and in fact was affirmatively led to believe that the government did not intend to rely on "the results or reports of any physical or mental examination and of any scientific test or experiment." The court will accordingly exclude any testimony by Roffman that is premised on an electronic forensic analysis of the allegedly fabricated e-mail chain itself. (*See, e.g.*, Docket No. 65-1 at 427:4—431:25 (explaining forensic examination and analysis of e-mail chain).)

Suddarth suggests that the court should go a step further and prevent the government from presenting evidence or argument regarding the alleged fabrication altogether. Suddarth, however, has failed to establish that an expert forensic analysis would be categorically required to show fabrication. Although there may be certain types of evidence of e-mail fabrication that would need to be presented by an expert, there is no reason that fabrication could not also be proven by adequate lay testimony. Specifically, the government identifies testimony from Suddarth in the Northern District of Illinois civil proceedings that the government characterizes as Suddarth admitting to fabricating the emails. (Docket No. 65-2, at 200.) The government also states that it anticipates eliciting testimony from Kyle Sauers, the purported author of the key allegedly fabricated e-mail, confirming that he did not author or send any such e-mail. (Docket No. 65, at 3.) The court cannot conclude at this stage that the government will be unable to establish fabrication of the e-mail chain through fact evidence.

---

made available to the defendant in this case on July 10, 2015." (*Id.* at 2.) In an earlier pleading, Suddarth herself states that, "[o]n July 10, 2015, the Government furnished its initial discovery." (Docket No. 17 ¶ 4.) Whatever the explanation, Suddarth's argument does not appear to hinge on this one-day discrepancy.

Similarly, because Suddarth did not make a Rule 16(a)(1)(G) request, she was entitled only to disclosure of expert testimony premised on "the results or reports of any physical or mental examination [or] of any scientific test or experiment" under Rule 16(a)(1)(F). Accordingly, a qualified expert would not necessarily be precluded from providing relevant and non-prejudicial background information about e-mail fabrication generally, as long as that testimony is not premised on any particular examination, test, or experiment. The court accordingly will not categorically preclude the admission of such evidence.

## CONCLUSION

Suddarth's Motion *in Limine* No. 1 (Docket No. 64) is **GRANTED** in part and **DENIED** in part. The government shall not rely on any specific electronic forensic analysis of Suddarth's allegedly falsified e-mails. The government, however, will not be forbidden from presenting evidence relevant to the allegations of falsification in the form of either (1) fact testimony or (2) general expert testimony that is not premised on a specific test, examination, or experiment.

It is so **ORDERED**.

Enter this 7th day of November 2017.

_____
ALETA A. TRAUGER
United States District Judge