# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 3:15-cr-00074 |
| | ) | Judge Trauger |
| ANGELA SUDDARTH | ) | |
| | ) | |

## MEMORANDUM AND ORDER

The defendant's Motion to Enlarge Date to Surrender for Service of Sentence (Docket No. 167), as supplemented (Docket No. 172), to which the government has filed a Response in Opposition (Docket No. 173) is, reluctantly, GRANTED.

The additional medical information is far from what the court expected to receive, but it is understandable that the evacuations and emergency measures necessitated by the approach of Hurricane Dorian to the state of Florida, where the defendant lives, has somewhat hampered her ability to secure the necessary information for the court's review. Defense counsel represents that the defendant is still wearing a heart monitor and that a decision as to when it will be removed will be made at a medical appointment on September 24, 2019. The court fervently hopes that these are true facts. The defendant's receiving counseling for depression, anxiety, and attention deficient hyperactivity disorder does not justify any postponement in her report date.

The cases cited in support of the government's opposition to the defendant's motion are simply inapposite. *United States v. Holloway*, 740 F.2d 1373 (6th Cir. 1984), and the other

1

authority on which the government relies concern motions to correct or reduce a sentence under Rule 35. A motion to extend a defendant's self-surrender date is not a Rule 35 motion, and extending the date on which the defendant is to begin serving her sentence does not substantively affect the sentence or judgment. It simply alters the date on which the sentence begins to run. *Accord* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.").

It is universally recognized that a district court has the authority, for good cause shown, to extend a self-surrender date, regardless of whether an appeal is pending. *See, e.g.*, *United States v. Freeman-Payne*, No. 10-20235, 2015 WL 5302807, at *1 (E.D. Mich. Sept. 10, 2015) (explaining that the court had granted the defendant's first motion to extend report date "in light of the Sixth Circuit Court of Appeals' expedited briefing schedule," and despite having indicated at sentencing that it would not extend the report date, but denying subsequent motions to extend the date), *conviction aff'd*, 626 F. App'x 579, 582 n.3 (6th Cir. 2015) (noting that the trial court had granted the defendant's initial emergency post-judgment motion to extend prison reporting date); *United States v. Rosenbaum*, No. 11-CR-20427, 2015 WL 4611998, at *3 (E.D. Mich. July 31, 2015) (denying post-judgment motion for release on bond pending appeal, noting that the parties had agreed to one extension of the self-report date while the defendant's appeal was pending, and the court later granted a subsequent motion by the defendant to extend the date and denied a second motion, at the government's urging), *conviction aff'd*, 628 F. App'x 923 (6th Cir. 2015).

The court may extend a report date for medical reasons. The court is not modifying or correcting the sentence imposed, and this ruling does not affect the merits of the defendant's appeal.

It is hereby ORDERED that the defendant shall report to the institution designated by the Bureau of Prisons by Wednesday, October 2, 2019.

It is so **ORDERED**.

ENTER this 5th day of September 2019.

_____
ALETA A. TRAUGER
U.S. District Judge